UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| FIVE GUYS OPERATIONS, LLC, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, HARTFORD FIRE INSURANCE COMPANY ("Hartford"), by and through its attorneys, Peter M. Moore of Wilson Elser Moskowitz Edelman & Dicker LLP, for its Complaint for Declaratory Judgment against FIVE GUYS OPERATIONS, LLC ("Five Guys"), states as follows:

**STATEMENT OF THE CASE**

1. This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Hartford owes no insurance coverage obligations to Five Guys for the claims raised in the two-count, putative class action lawsuit styled: *Jeremiah M. Greenwood individually and on behalf of all other Illinois citizens similarly situated v. Five Guys Operations, LLC*, Case No. 1:22-cv-07169, filed in the United States District Court for the Northern District of Illinois, Eastern Division (the "Underlying Action"). A copy of the Class Action Complaint filed in the Underlying Action is attached hereto as "**Exhibit A**."

**PARTIES**

2. Hartford is an insurance company incorporated under the laws of the State of Connecticut with its principal place of business at One Hartford Plaza, Hartford, Connecticut.

3. Five Guys is a limited liability company whose sole member is Five Guys Holdings, Inc.

4. Five Guys Holdings, Inc., in turn, is a Delaware corporation with its principal place of business at 10718 Richmond Highway, Lorton, Virginia.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, Hartford is a citizen of Connecticut, and Five Guys is a citizen of Delaware and Virginia.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Five Guys' principal place of business is located within the geographical boundaries of this District and this coverage dispute concerns insurance coverage under an insurance policy issued within the geographical boundaries of this District.

## FACTS

**A.** *THE UNDERLYING ACTION*

7. On December 20, 2022, Jeremiah M. Greenwood ("Underlying Plaintiff") commenced the Underlying Action alleging intentional and negligent violations of the Illinois Biometric Information Privacy Act, codified as 740 ILCS 14/1 *et seq*. ("BIPA"). *See*, Ex. A.

8. The Underlying Complaint defined the putative class as: "All current and former employees of Defendant in the State of Illinois who had their 'biometric information' and/or 'biometric identifiers' collected, captured and otherwise obtained by Defendant's fingerprint and/or thumbprint based time clock technology during the relevant time period." *See*, Ex. A.

9. The Underlying Complaint alleged that Underlying Plaintiff is a former shift manager and employee of a Five Guys restaurant in Berwyn and Wheaton, Illinois. *See*, Ex. A.

285387296v.1

10. The Underlying Complaint alleged that as a condition of their employment, Underlying Plaintiff and the putative class members allegedly were required to scan their fingerprints or thumbprints using a biometric time clock to log in and out of Five Guys' clock system. *See*, Ex. A.

11. The Underlying Complaint alleged Five Guys violated Section 15(a) of BIPA because, among other things, Five Guys failed to develop and publish written policies regarding the retention and destruction of biometric identifiers and biometric information and failed to destroy biometric identifiers and information within 3 years of individuals' last interaction with the private entity. *See*, Ex. A.

12. The Underlying Complaint also alleged Five Guys violated Section 15(b) of BIPA because it collected, used, modified and/or stored biometric identifiers and/or biometric information without first obtaining informed written consent. *See*, Ex. A.

13. The Underlying Complaint alleged two Counts on behalf of Underlying Plaintiff and the putative class: (i) violation of Section 15(a) of BIPA; and (ii) violation of Section 15(b) of BIPA. *See*, Ex. A.

14. On April 11, 2023, the Underlying Action was dismissed without prejudice in favor of arbitration (the "Arbitration"). *See* Docket in Underlying Action at ECF No. 33.

15. The Underlying Plaintiff's individual claims were dismissed with prejudice on June 27, 2023 (*see* Docket in Underlying Action at ECF No. 34), but the class claims have not been dismissed with prejudice.

**B.** *THE POLICIES*

16. Below is a chart reflecting the insurance policies (the "Policies") issued by Hartford to Five Guys Enterprises, LLC on which Five Guys is listed as a Named Insured (collectively, the "Policies"). The Policies are attached as exhibits in accordance with the chart below.

| PRIMARY POLICIES | | | |
|---|---|---|---|
| Attached as Exhibit | Effective Dates | Policy No. | Limit |
| B | 12/01/2017 to 12/01/2018 | 42 CSE S60402 | $1 million Personal and Advertising Injury Limit; $2 million aggregate. |
| C | 12/01/2018 to 12/01/2019 | 42 CSE S60402 | $1 million Personal and Advertising Injury Limit; $2 million aggregate. |
| D | 12/01/2019 to 12/01/2020 | 42 CSE S60402 | $1 million Personal and Advertising Injury Limit; $2 million aggregate. |
| E | 12/01/2020 to 12/01/2021 | 42 CSE S60402 | $1 million Personal and Advertising Injury Limit; $2 million aggregate. |
| F | 12/01/2021 to 12/01/2022 | 42 CSE S60402 | $2 million Personal and Advertising Injury Limit; $4 million aggregate. |
| G | 12/01/2022 to 12/01/2023 | 42 CSE S60402 | $2 million Personal and Advertising Injury Limit; $4 million aggregate |

**C.** *THE POLICY LANGUAGE*

17. Subject to all of their terms, the Policies provide certain general commercial liability coverage and state, in part:

4

285387296v.1

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. **Insuring Agreement**

   *a.* *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply . . .*

   *b.* *This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.*

*See* Exs. B-G.

18. The Policies also contain the following exclusions:

2. **EXCLUSIONS**

   *This insurance does not apply to:*

   *a.* **Knowing Violation Of Rights Of Another**

   *"Personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".*

   \* \* \*

   *c.* **Material Published Prior To Policy Period**

   *"Personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.*[1]

   \* \* \*

---

[1] The 2022-23 Policy's language under Exclusion c. Material Published Prior to Policy Period is substantially similar. It provides: *Personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period."*

285387296v.1

> ***q.*** **Right Of Privacy Created By Statute**
>
> *"Personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act.*
>
> *However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act.*
>
> \* \* \*
>
> ***u.*** **Employment-Related Practices[2]**
>
> *"Personal and advertising injury" to:*
>
> *(1) A person arising out of any "employment-related practices"; or*
> *(2) The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any "employment-related practices" are directed.*
>
> *This exclusion applies:*
>
> *(a) Whether the injury-causing event described in the definition of employment-related practices" occurs before employment, during employment or after employment of that person;*
> *(b) Whether the insured may be liable as an employer or in any other capacity; and*
> *(c) To any obligation to share damages with or repay someone else who must pay damages because of the injury.*

*See* Exs. B-G.

19. The Policies[3] also contain an endorsement entitled "Recording and Distribution of Material or Information in Violation of Law Exclusion', which provides the following additional exclusion:

> ***B.*** *The following exclusion is added to **Paragraph 2., Exclusions** of Section I – Coverage B – Personal and Advertising Injury Liability:*

---

[2] In the Policies effective 2017-22, Exclusion u. Employment-Related Practices, is amended by the endorsement entitled "Amendment of Exclusions and Definition – Personal and Advertising Injury". The amended language is reflected herein. In the 2022-23 Policy, Exclusion u. Employment-Related Practices is not amended but the language is substantially similar. The only difference is that it states "This exclusion applies: (1) Whether the insured may be liability as an employer or in any other capacity; and (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

[3] In the 2022-23 Policy, the Recording and Distribution of Material or Information in Violation of Law Exclusion is included not by endorsement, but as Exclusion t. in the Insuring Agreement. The language is identical in both.

6

285387296v.1

    *2.*    *Exclusions*

    *This insurance does not apply to:*

    ***Recording and Distribution of Material or Information in Violation of Law***

    *"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:*

    *a.*    *The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;*

    *b.*    *The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or*

    *c.*    *The Fair Credit Reporting Act (FCRA) and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction ACT (FACTA); or*

    *d.*    *Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.*

*See* Exs. B-G.

20.    The Policies[4] also contain an endorsement entitled "Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability with Limited Bodily Injury Exception", which provides:

    *B.*    *The following exclusion is added to **Paragraph 2., Exclusions** of Section I – Coverage B – Personal and Advertising Injury Liability:*

    *2.*    *Exclusions*

    *This insurance does not apply to:*

---

[4] In the 2022-23 Policy, the Access or Disclosure of Confidential or Personal Information Exclusion is included not by endorsement, but as Exclusion w. in the Insuring Agreement. The language is identical in both.

> *Access Or Disclosure Of Confidential Or Personal Information*
>
> *"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.*
>
> *This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, costs or expense incurred by you or other arising out of any access to or disclosure of any person's or organization's confidential or personal information.*

*See* Exs. B-G.

21. The Policies also contain the following definitions:

***SECTION V.   DEFINITIONS***

\* \* \*

> *8.    "Employment-Related Practices" means:*
>
> > *a.    Refusal to employ a person;*
> > *b.    Termination of a person's employment; or*
> > *c.    Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at a person.*

\* \* \*

> ***17.***   *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*
>
> > *a.    False arrest, detention or imprisonment;*
> >
> > *b.    Malicious prosecution;*
> >
> > *c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor;*

8

  d. *Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*

  e. *Oral, written or electronic publication of material that violates a person's right of privacy;*

  f. *Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";*

  g. *Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement".*

  h. *Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person.*[5]

* * *

*See* Exs. B-G.

**D. *TENDER AND ACTUAL CONTROVERSY***

  22. On or about December 23, 2022, Five Guys tendered the Underlying Action, seeking defense and indemnity from Hartford.

  23. Upon information and belief, the claims in the Arbitration involve the same BIPA violation claims asserted in the Underlying Action.

  24. Hartford denies that it owes Five Guys any defense or indemnity obligation under the Policies.

  25. An actual justiciable controversy exists between Hartford and Five Guys as to the availability of insurance coverage to Five Guys under the Policies. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the

---

[5] In the 2017-22 Policies, Paragraphs c. and h. of the definition of "personal and advertising injury" is amended by the Amendment of Exclusions and Definition – Personal and Advertising Injury Endorsement. The amended definition is provided herein. In the 2022-23 Policy, Paragraph h. is omitted from the definition but the definition is otherwise the same as the amended definition in the 2017-22 Policies.

rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## No Allegations of Publication

26.  Hartford incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

27.  The Policies define "personal and advertising injury" as, among other things, the "[o]ral, written or electronic publication of material that violates a person's right of privacy."

28.  The allegations in the Underlying Action and the Arbitration seek damages arising from Five Guys' alleged failure to: (i) obtain written consent and a release before obtaining biometric identifiers or information; (ii) develop and publish written policies regarding the retention and destruction of biometric identifiers and biometric information; and (iii) destroy biometric identifiers and information within 3 years of individuals' last interaction with the private entity.

29.  The allegations referenced in the preceding paragraph do not allege publication of material that violates a person's right of privacy and therefore do not constitute "personal and advertising injury".

30.  Accordingly, Hartford does not owe any defense or indemnity obligations to Five Guys for the claims against it in the Underlying Action or Arbitration.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A.  A declaration finding Hartford owes no duty to defend or indemnify Five Guys for the claims against it in the Underlying Action under the Policies; and

B.  For all such just and equitable relief, including costs of this suit.

## COUNT II
## Exclusion q. Right of Privacy Created By Statute

31. Hartford incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

32. All of the Policies each contain **Exclusion q. Right Of Privacy Created by Statute.**

33. **Exclusion q. Right Of Privacy Created by Statute** excludes from coverage "personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act.

34. The claims in the Underlying Action and the Arbitration concern alleged violations of BIPA.

35. BIPA is an Illinois State Act that codifies individuals' rights to privacy in their biometric identifiers and information.

36. To the extent "personal and advertising injury" is alleged, which Hartford disputes, **Exclusion q. Right Of Privacy Created by Statute** bars coverage for the claims in the Underlying Action and Arbitration.

37. Accordingly, Hartford does not owe any defense or indemnity obligations to Five Guys under the Policies for the claims in the Underlying Action or Arbitration.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify Five Guys for the claims against it in the Underlying Action and/or Arbitration under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT III
## Access or Disclosure Exclusion

38. Hartford incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

39. All of the Policies each contain an exclusion entitled **Access Or Disclosure Of Confidential Or Personal Information**.

40. The **Access Or Disclosure Of Confidential Or Personal Information** Exclusion excludes coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

41. The claims in the Underlying Action and the Arbitration allege "personal and advertising injury" arising out of access to or disclosure of Underlying Plaintiffs' confidential or personal information, or any other type of nonpublic information.

42. To the extent "personal and advertising injury" is alleged, which Hartford disputes, the **Access Or Disclosure Of Confidential Or Personal Information** Exclusion bars coverage for the claims in the Underlying Action and Arbitration.

43. Accordingly, Hartford does not owe any defense or indemnity obligations to Five Guys under the Policies for the claims in the Underlying Action or Arbitration.

WHEREFORE, Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify Five Guys for the claims against it in the Underlying Action and/or the Arbitration under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT IV
## Recording and Distribution of Material or Information In Violation of Law Exclusion

44. Hartford incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

45. All of the Policies each contain an exclusion entitled **Recording and Distribution of Material or Information In Violation of Law**.

46. The **Recording and Distribution of Material or Information In Violation of Law** Exclusion excludes coverage for, among other things, "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate, among other things, any federal, state or local statute, ordinance or regulation, other than the Telephone Consumer Protection Act (TCPA), CAN-SPAM Act of 2003 or Fair Credit Reporting Act (FCRA) and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

47. The Underlying Action and the Arbitration assert claims for "personal and advertising injury" arising directly or indirectly out of alleged violations of a state statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

48. To the extent "personal and advertising injury" is alleged, which Hartford disputes, the **Recording and Distribution of Material or Information In Violation of Law** Exclusion bars coverage for the claims in the Underlying Action and Arbitration.

49. Accordingly, Hartford does not owe any defense or indemnity obligations to Five Guys under the Policies for the claims in the Underlying Action or Arbitration.

WHEREFORE, Hartford prays this Court enter the following relief:

285387296v.1

    A.    A declaration finding Hartford owes no duty to defend or indemnify Five Guys for the claims against it in the Underlying Action and/or the Arbitration under the Policies; and

    B.    For all such just and equitable relief, including costs of this suit.

## COUNT V
### Exclusion u. Employment-Related Practices

50. Hartford incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

51. All of the Policies each contain **Exclusion u. Employment-Related Practices.**

52. **Exclusion u. Employment-Related Practices** excludes from coverage "personal and advertising injury" to a person arising out of any "employment-related practices."

53. "Employment-related practices" means, among other things, employment-related policies.

54. The Underlying Action and the Arbitration arise from employment-related policies concerning the collection, retention, and destruction of biometric identifiers and biometric information in connection with clocking in and out of shifts.

55. To the extent "personal and advertising injury" is alleged, which Hartford disputes, **Exclusion u. Employment-Related Practices** bars coverage for the claims in the Underlying Action and Arbitration.

56. Accordingly, Hartford does not owe any defense or indemnity obligations to Five Guys under the Policies for the claims in the Underlying Action or Arbitration.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

    A.    A declaration finding Hartford owes no duty to defend or indemnify Five Guys for the claims against it in the Underlying Action and/or Arbitration under the Policies; and

    B.    For all such just and equitable relief, including costs of this suit.

## COUNT VI
### Exclusion a. Knowing Violation of Rights of Another

57. Hartford incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

58. All of the Policies each contain **Exclusion a. Knowing Violation of Rights of Another**.

59. **Exclusion a. Knowing Violation of Rights of Another** excludes from coverage "personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

60. The claims in the Underlying Action and in the Arbitration allege intentional violations of BIPA.

61. To the extent "personal and advertising injury" is alleged, which Hartford disputes, **Exclusion a. Knowing Violation of Rights of Another** bars coverage for the claims in the Underlying Action and Arbitration.

62. Accordingly, Hartford does not owe any defense or indemnity obligations to Five Guys under the Policies for the claims in the Underlying Action or Arbitration.

    WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify Five Guys for the claims against it in the Underlying Action and/or Arbitration under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VII
## Exclusion c. Material Published Prior To Policy Period Exclusion

63. Hartford incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

64. All of the Policies each contain **Exclusion c. Material Published Prior To Policy Period**.

65. **Exclusion c. Material Published Prior To Policy Period** excludes from coverage "personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

66. The allegations in the Underlying Complaint and in the Arbitration date back to December 20, 2017. See, Ex. A, ¶ 21.

67. To the extent "personal and advertising injury" is alleged, which Hartford disputes, and to the extent any alleged publication referenced in the Underlying Action and/or the Arbitration took place before the beginning of any given Policy, coverage is not afforded under that given Policy.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify Five Guys for the claims against it in the Underlying Action and/or Arbitration under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

Date: August 1, 2023                    Respectfully Submitted,

                                        WILSON ELSER MOSKOWITZ
                                        EDELMAN & DICKER LLP


                                         /s/ Peter M. Moore
                                        Peter M. Moore, VSB# 82444
                                        8444 Westpark Drive, Suite 510
                                        McLean, VA 22102
                                        (703) 245-9300
                                        (703) 245-9301 (Fax)
                                        Peter.Moore@wilsonelser.com
                                        *Attorneys for Hartford Fire Insurance Company*

17

285387296v.1